IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL LOCKE, ET AL.** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-2127 |
| | : | |
| **THE Q GROUP BUILDERS** | : | |

### MEMORANDUM

**McHugh, J.**                                                                                          **March 4, 2021**

This is an action brought under the Fair Labor Standards Act. The parties settled in December 2020, pursuant to an agreement conferring jurisdiction on the Court for purposes of enforcement. After reviewing the agreement, I approved the settlement.

Plaintiff's counsel has now written to the Court asserting a breach, and Defendant has responded. Those submissions have been docketed under seal to maintain the confidentiality of the settlement amount. I will deem Plaintiff's submission to be a motion to enforce the settlement. *See* ECF 11-2.

The dispute centers on timing. Defendant was obligated to tender the settlement proceeds by December 31, 2020. The settlement agreement specified an additional amount to be paid if that deadline was not met. A portion of the settlement—50 percent according to Plaintiff and 75 percent according to Defendant—was paid on time, with the balance remitted on January 8, 2021. Plaintiff now seeks an order requiring the Defendant to pay the additional sum. Defendant objects, arguing that under these circumstances, such a payment would constitute an unlawful penalty.

Defendant has the better of the argument. Given the amount of the additional payment as compared to the value of the settlement, and the minimal delay in receiving the payment, any loss to Plaintiff is ephemeral, particularly under economic circumstances where the yield on any

cash investment is paltry.  Under Pennsylvania law, if a contractual "term fix[es] unreasonably large liquidated damages" then it "is unenforceable on grounds of public policy as a penalty." *Pantuso Motors, Inc. v. Corestates Bank, N.A.,* 568 Pa. 601, 609, 798 A.2d 1277, 1282 (2002) (quoting Restatement (Second) of Contracts § 356(1) (1981)).  In Pennsylvania, this is a question of law for the court.  *See Lichetti v. Conway,* 44 Pa.Super. 71, 73 (1910).

      Had Defendant delayed in a more meaningful fashion, some remedy would be warranted.  In this instance, *de minimis non curat lex.*  Plaintiff's letter submission, treated as a motion, will be denied.

                                                            /s/ Gerald Austin McHugh
                                                United States District Judge